# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

ARIEL DOUGHERTY,

      Plaintiff,

v.                                        Civ. No. 21-1088 JB/GJF

COMMISSION OF THE CITY OF
TRUTH OR CONSEQUENCES,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on the following motions:

(1) Defendant's Motion to Dismiss Plaintiff's Petition for Writ of Certiorari Pursuant to NMRA Rule 1-075 and Complaint for Declaratory Relief and for Violation of Civil Rights under 42 USC 1983 [ECF 5];

(2) Plaintiff's Motion to Extend Time to File Response to Defendant's Motion to Dismiss Plaintiff's Writ of Certiorari [ECF 14];

(3) Plaintiff's Motion for Remand [ECF 11];

(4) Plaintiff's Motion to Amend and Restate for Remand [ECF 23]; and

(5) Plaintiff's Motion for Hourly Fees and Costs [ECF 26].

The motions are fully briefed.[1]  For the reasons set forth below, this Court[2] recommends (1) construing Plaintiff's dismissal request as a request that the Court formally dismiss all of her federal claims *with prejudice*; (2) **GRANTING** Plaintiff's Motion to Amend and Restate for Remand [ECF 23] by (a) dismissing with prejudice all of Plaintiff's federal claims, (b) declining to exercise supplemental jurisdiction over her remaining state law claim(s), and (c) remanding the

---

[1] *See* ECFs 5, 11-27, 29-37.

[2] The Court files this Proposed Findings and Recommended Disposition ("PFRD") pursuant to the presiding judge's March 17, 2022, Order of Reference Relating to Non-Prisoner Pro Se Cases.  ECF 28.

state law claim(s) to the Seventh Judicial District Court for the State of New Mexico; (3) **DENYING** Defendant's request for fees and costs [ECF 25 at 2-3] and Plaintiff's Motion for Fees and Costs [ECF 26]; (4) **DENYING AS MOOT** Defendant's Motion to Dismiss [ECF 5], Plaintiff's Motion to Extend [ECF 14], and Plaintiff's Motion for Remand [ECF 11]; and (5) **DISMISSING** the above-captioned cause **WITH PREJUDICE**.

## I.   BACKGROUND

Defendant removed Plaintiff's pro se Complaint [ECF 1-1] to this Court in October 2021. ECF 1.  According to the Complaint, the primary purpose of this litigation is to "obtain justice [regarding] the $50 [monthly] fine imposed by [Defendant] on the Plaintiff for her request to not allow smart-meter technology to be installed on her property," which is located in Truth or Consequences, New Mexico.  ECF 23 at ¶ 2; *see also* Compl. at ¶¶ 3-62 (asserting that "Plaintiff [has] retain[ed] her original electric meter [that was] installed in 1997;" Defendant "impos[ed] … a $50 monthly fee to retain [this outdated] digital meter;" and such a monthly fee violates, *inter alia*, her due process rights).

A helpful summary of the Complaint appears in Defendant's Motion to Dismiss [ECF 5]:

> The Petition/Complaint is a collection of grievances relating to the City's imposition of a $50 [monthly] service fee on residents who decide to retain old electric meters instead of accepting new smart meters.  [*See* Doc 1-1, ¶¶ 2-30, 34-35].  Plaintiff's ire appears directed at, not only the fee itself, but the process by which it was created [*see* Doc. 1-1, ¶¶ 4, 7, 39], the carcinogenic potential of smart meters, [*see* Doc. 1-1, ¶¶ 35-36], the handling of an appeal related to smart meters in January 2020 [*see* Doc. 1-1, ¶¶ 5, 7-9], the handling of a referendum request relating to the fee [*see* Doc. 1-1, ¶¶ 18-21 ], the handling of an appeal against the fee initiated by Plaintiff on August 2 [2021] [*see* Doc. 1-1, ¶¶ 11-17, 23-30], and what she perceives as retaliation in response to an e-mail sent to the Mayor challenging statements made in open session [*see* Doc. 1-1, ¶¶ 21-22].  Despite invoking this multitude of grievances, Plaintiffs Petition/Complaint is very vague when it comes to the specific rights she alleges were violated and how they were violated.  Rather, she generally indicates that her "due process rights" and "liberty interest[s]" have been violated.  [*See* Doc 1-1, pp. 11-14].

ECF 5 at 2.[3]

After the parties completed their briefing on Defendant's Motion to Dismiss [ECF 5] and Plaintiff's Motion for Remand [ECF 11], Plaintiff filed her Motion to Amend and Restate for Remand [ECF 23]. Therein, Plaintiff represents that she "voluntarily dismisses" "*all* [of her] federal constitutional claims," "any federal claims she made based on the American for Disability Act [sic]," and "those section of the [C]omplaint subject to US District Court jurisdiction." ECF 23 at ¶¶ 3-5, 7 (emphasis added) (also stating that this "waiver" or dismissal is under Federal Rule of Civil Procedure 41(a)(2)—and that "[a]ny arguments Plaintiff [previously] made under federal statute are secondary and ancillary to the primary issue of her Complaint").[4] Plaintiff further emphasized in her reply brief that "it is not [her] intention … in the past now, or in the future, to bring *any* of these federal claims before any federal court" and that "[s]he has clearly stated in the *Motion* she waives any federal claims." ECF 27 at ¶ 2 (first emphasis added) (citing ECF 23 ¶ 5).

For its part, Defendant "is not opposed to the Plaintiff dismissing all of the federal claims which would otherwise give this Court jurisdiction"—provided that the Court "dismiss[es] [Plaintiff's] federal claims with prejudice" and also requires Plaintiff to "reimburse Defendant for fees and costs reasonably incurred in removing and engaging in motion practice related to her federal claims." ECF 25 at 2-3. Although Plaintiff does not oppose Defendant's request that her

---

[3] *See also id.* (Defendant asserting that "Plaintiff's Complaint must be dismissed for two reasons. First, as a Petition for Writ of Certiorari, it is untimely under Rule 1-075 NMRA [New Mexico Rules Annotated]. Second, it fails to meet the federal pleading standard of plausibility as it is so convoluted that the nature of Plaintiff's claim[s] and the grounds upon which she is seeking relief are entirely unclear.") Although Defendant makes a compelling case for the dismissal of the Complaint under both "Rule 1-075 of the New Mexico Rules of Civil Procedure … and Rule 12(b)(6) of the Federal Rules of Civil Procedure," *see* ECFs 5 at 1-8; 16 at 1-5, the Court need not address this issue in light of Plaintiff's subsequent voluntary dismissal of "those sections of the complaint subject to US District Court jurisdiction." ECF 23 at ¶ 7.

[4] *See also id.* at ¶ 2 (Plaintiff clarifying her "primary issues" are "(l) the violation of NM Stat $ 63-8-1 . . . . [a]nd (2) NM Statutes Chapter 3 Municipalities, $ 3-17-l").

federal claims be dismissed with prejudice—but rather seems to acknowledge that such claims should be dismissed with prejudice, *see* ECF 27 at ¶ 2—she "vehemently" opposes Defendant's request for attorney's fees.  ECF 27 at 1-3.[5]

## II.  APPLICABLE LEGAL STANDARDS

### A.  Voluntary Dismissal of Civil Actions

Federal Rule of Civil Procedure 41(a)(1) provides that "[a] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."  Otherwise, pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Rule 41(a)(2) is "designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions."  *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)).  "These matters fall within the district court's discretion and 'reversal requires a clear abuse of discretion.'"  *Id.* (quoting *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412).  "But 'absent "legal prejudice" to the defendant, the district court normally should grant such a dismissal.'"  *Id.* (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)); *see also Baca v. Berry*, 806 F.3d 1262, 1269 (10th Cir. 2015) (same).

In describing such "legal prejudice," the Tenth Circuit has stated:

> Prejudice does not arise simply because a second action has been or may be filed against the defendant, *Am. Nat'l Bank & Trust Co.*, 931 F.2d at 1412, which is often the whole point in dismissing a case without prejudice.  Rather, prejudice

---

[5] In fact, Plaintiff subsequently filed her own Motion for Hourly Fees and Costs [ECF 26], based on Defendant's alleged "unnecessary removal of her Complaint from New Mexico State Court."  ECF 26 at 1; *but cf.* ECF 30 at 2 (Defendant asserting, *inter alia*, that (1) no legal authority supports Plaintiff's claim for fees; (2) Defendant was "fully justified in removing this action;" and (3) because "Plaintiff elected to bring federal claims," she must "bear the consequences").

4

is a function of other, practical factors including: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Ohlander*, 114 F.3d at 1537.  These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case. *Id.*  And "in reaching its conclusion, the district court should endeavor to ensure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002) (quotation omitted).

*Brown*, 413 F.3d at 1124.

Finally, "[a] court can grant a motion for voluntary dismissal on the condition that it be with prejudice." *Arjouan v. Cabré*, No. 1:17-cv-00782-PJK-JHR, 2018 WL 3232346, 2018 U.S. Dist. LEXIS 109539, at *7 (D.N.M. Jun. 29, 2018) (citations omitted); *see also Aguirre v. Corr. Corp. of Am.*, No. 17-CV-1267-WJ-CG, 2019 WL 1766082, 2019 U.S. Dist. LEXIS 67593, at *6 (D.N.M. Apr. 22, 2019) (stating that "the [c]ourt [would] only remand the case after [p]laintiff has dismissed the federal constitutional claims with prejudice against all defendants"—given that the court, "because of [p]laintiff's tactical decisions," was "concerned that [p]laintiff [would] simply file a state-court complaint with the federal claims once the case [was] remanded to state court, and thus … give the [c]ourt jurisdiction again").

## B.  Supplemental Jurisdiction

Generally, a district court "shall have supplemental jurisdiction over all other claims that are so related to claims … within [the court's] original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Nevertheless, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction."  § 1367(c).  Consequently, "[a] district court, upon dismissing Plaintiff's federal claims, [does] not abuse its discretion by declining to exercise supplemental jurisdiction over [his] state law claims." *Strain v. Regalado*, 977 F.3d 984, 997 (10th

Cir. 2020) (citing § 1367 and observing that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right" (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))). In fact, "if the federal claims are dismissed before trial … the state claims *should* be dismissed as well." *Id.* (emphasis added) (quoting *Gibbs*, 383 U.S. at 726); *see also Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238-39 (10th Cir. 2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial.").

### C.  Attorney's Fees

The Court's "'basic point of reference' when considering the award of attorney's fees is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Peter v. NantKwest, Inc.*, 140 S. Ct. 365, 370 (2019) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U. S. 242, 252-253 (2010)). Nevertheless, "[w]hen a plaintiff dismisses an action *without prejudice*, a district court may seek to reimburse the defendant for his attorneys' fees because he faces a risk that the plaintiff will refile the suit and impose duplicative expenses upon him." *AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1528 (10th Cir. 1997) (emphasis added); *see also United States ex rel Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 810, 92 Fed. Appx. 708 (10th Cir. 2002) (unpublished) ("Typically, a court imposes as a term and condition of dismissal *without prejudice* that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorney's fees." (emphasis added) (bracket and quotation marks omitted)).

"In contrast, when a plaintiff dismisses an action with prejudice, attorneys' fees are usually not a proper condition of dismissal because the defendant cannot be made to defend again." *AeroTech*, 110 F.3d at 1528.  Consequently, the Tenth Circuit "adhere[s] to the rule that a

defendant may not recover fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." *Id.*[6]

## III. DISCUSSION

### A. The Court Should Dismiss Federal Claims with Prejudice and Remand State Claims

This Court construes Plaintiff's "Motion to Amend and Restate for Remand" [ECF 23] to be a motion pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss all of her federal claims *with prejudice*. *See* ECFs 23 at ¶¶ 3-5, 7; 27 at ¶ 2. In other words, it does not appear that Plaintiff intends, for example, to "simply file a state-court complaint with the federal claims once [this] case is remanded to state court." *Aguirre*, 2019 U.S. Dist. LEXIS 67593, at *6. Instead, Plaintiff's apparent intent is for the Court to *permanently* dismiss all of her federal claims (i.e., dismiss all such claims with prejudice)—an action that will prevent her from "bring[ing] any of these federal claims" ever again, ECF 27 at ¶ 2, whether in state or federal court. Consequently—presuming that Plaintiff is indeed requesting such a dismissal with prejudice—the Court should dismiss all of Plaintiff's federal claims with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

In an abundance of caution and in light of Plaintiff's status as a pro se litigant, the Court specifically cautions Plaintiff as follows: if this Court has properly construed her "Motion to Amend and Restate for Remand" [ECF 23], Plaintiff need file nothing further. If Plaintiff is NOT requesting that the Court dismiss all of her *federal* claims *with prejudice*, however, then Plaintiff must file an objection to that effect no later than fourteen days after this PFRD is filed. Otherwise,

---

[6] *See also id.* (noting that such an "exceptional circumstance" might occur, for instance, "when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system").

the Court will deem Plaintiff to have requested that the Court formally dismiss all of her *federal* claims *with prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(2).   Under such circumstances, dismissing all of Plaintiff's federal claims with prejudice would constitute a dismissal "on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

Assuming all federal claims are dismissed with prejudice, the Court should also (1) "declin[e] to exercise supplemental jurisdiction over [her] state law claims," *Strain*, 977 F.3d at 997, and (2) "remand[] [the state claim(s)] to state court," *Barnett*, 956 F.3d at 1238-39, specifically to the Seventh Judicial District Court for the State of New Mexico.

### B.  The Court Should Deny Remaining Motions and Dismiss Case with Prejudice

Assuming that the Court dismisses all of Plaintiff's federal claims with prejudice, then no costs or fees should be awarded to any party.  Instead, the Court should follow "the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise."  *Peter, Inc.*, 140 S. Ct. at 370 (2019).  Although Defendant in its response[7] has asked for reimbursement "for fees and costs reasonably incurred in removing and engaging in motion practice related to [Plaintiff's] federal claims," ECF 25 at 2-3, the Court should deny such a request [ECF 25 at 2-3].  As noted, "a defendant may not recover fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances." *AeroTech*, 110 F.3d at 1528.  And Defendant has not shown that such "exceptional circumstances," *see supra* note 6, apply in the instant case where it appears that Plaintiff seeks to dismiss all of her federal claims with prejudice.  *See* ECF 25 at 2-3.

In addition, although Plaintiff has moved for "compensation from the Defendant," there does not appear to be—and Plaintiff does not cite—any legal authority that requires Defendant to

---

[7] *Cf.* Fed. R. Civ. P. 7(b)(1) (providing that "[a] request for a court order must be made by *motion*" (emphasis added)).

pay for her legal expenses related to this suit. *See* ECF 26 at 1. Consequently, the Court should summarily deny Plaintiff's Motion for Fees [ECF 26]. In sum, each litigant must pay its own expenses, and the Court should deny both litigant's requests to award fees and costs [ECFs 25 at 2-3; 26].

Finally, if all of Plaintiff's federal claims are dismissed with prejudice and her remaining state law claim(s) are remanded back to state court, then Defendant's Motion to Dismiss [ECF 5], Plaintiff's Motion to Extend [ECF 14], and Plaintiff's Motion for Remand [ECF 11] are rendered moot. Consequently, upon confirming that Plaintiff is indeed seeking a dismissal of all of her *federal* claims *with prejudice*, the Court should deny the three remaining motions as moot and dismiss the entire case with prejudice.

## IV. CONCLUSION

In the absence of Plaintiff objecting to this Court's interpretation of her request for dismissal of her federal claims, **IT IS RECOMMENDED** that the Court:

(1) Construe Plaintiff's voluntary request for a dismissal of all her federal claims [ECFs 23 at ¶¶ 3-5, 7; 27 at ¶ 2] as a request that the Court formally dismiss *all* of her federal claims *with prejudice* pursuant to Federal Rule of Civil Procedure 41(a)(2);

(2) **GRANT** Plaintiff's Motion to Amend and Restate for Remand [ECF 23] by (a) **DISMISSING WITH PREJUDICE** all of Plaintiff's federal claims, (b) declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claim(s); and (c) remanding Plaintiff's remaining state law claim(s) to the Seventh Judicial District Court for the State of New Mexico;

(3) **DENY** Defendant's request for fees and costs [ECF 25 at 2-3] and Plaintiff's Motion for Fees and Costs [ECF 26];

(4) **DENY AS MOOT** Defendant's Motion to Dismiss [ECF 5], Plaintiff's Motion to Extend [ECF 14], and Plaintiff's Motion for Remand [ECF 11]; and

(5) **DISMISS** the above-captioned cause **WITH PREJUDICE**.

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed**.