## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ARIEL DOUGHERTY,

       Plaintiff,

vs.                                                                                  No. CIV 21-1088 JB/GJF

COMMISSION OF THE CITY OF
TRUTH OR CONSEQUENCES,

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Proposed Findings and Recommended Disposition, filed July 20, 2022 (Doc. 38)("PFRD"); (ii) the Defendant's Motion to Dismiss Plaintiff's Petition for Writ of Certiorari Pursuant to NMRA Rule 1-075 and Complaint for Declaratory Relief and for Violation of Civil Rights under 42 USC § 1983, filed November 17, 2021 [Doc. 1-1] (Doc. 5)("Motion to Dismiss"); (iii) the Plaintiff's Motion to Extend Time to File Response to Defendant's Motion to Dismiss Plaintiff's Writ of Certiorari, filed December 7, 2021 (Doc. 14)("Motion to Extend"); (iv) the Plaintiff's Motion for Remand, filed November 30, 2021 (Doc. 11); (v) the Plaintiff's Motion to Amend and Restate for Remand, filed February 25, 2022 (Doc. 23)("Motion to Amend and Remand"); and (vi) the Plaintiff's Motion for Hourly Fees and Costs, filed March 17, 2022 (Doc. 26).  In the PFRD, the Honorable Gregory J. Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, notifies the parties of their ability to file objections within fourteen days and warns them that failure to file objections waives appellate review.  See PFRD at 10. That deadline expired without either party filing objections.  In addition, "out of an abundance of caution," the PFRD advises Plaintiff Ariel Dougherty that, in light of her "status as a pro se litigant," if "this Court has properly construed

her 'Motion to Amend and Restate for Remand [ECF 23], Plaintiff need file nothing further," but, if she is "NOT requesting that the Court dismiss all of her *federal* claims *with prejudice*," she is to "file an objection to that effect no later than fourteen days after [the] PFRD [was] filed." PFRD at 7 (emphasis in original). As noted, neither Dougherty nor Defendant Commission of the City of Truth or Consequences ("T or C") have filed any objections within this fourteen-day deadline. The Court will: (i) adopt the PFRD; (ii) construe Dougherty's voluntary request for a dismissal of all her federal claims, in the Plaintiff's Motion to Amend and Restate for Remand at 2, as a request that the Court dismiss all of her federal claims with prejudice pursuant to rule 42(a)(2) of the Federal Rules of Civil Procedure; (iii) grant Plaintiff's Motion to Amend and Restate for Remand by (a) dismissing with prejudice all of Dougherty's federal claims, (b) declining to exercise supplemental jurisdiction over Dougherty's remaining state law claims, and (c) remanding Dougherty's remaining state law claims to Seventh Judicial District Court, County of Sierra, State of New Mexico; (iv) deny T or C's requests in the Defendant's Response to Plaintiff's Motion to Amend and Restate for Remand at 2-3, filed March 11, 2022 (Doc. 25), for costs and fees; (v) deny Plaintiff's Motion for Hourly Fees and Costs; (vi) deny as moot the Motion to Dismiss; (vii) deny as moot the Motion to Extend; (viii) deny as moot the Motion for Remand; and (ix) remand this case to the Seventh Judicial District Court, County of Sierra, State of New Mexico.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served

with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute."  United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency."  One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and

---

[1]Congress enacted the Federal Magistrate Act, 28 U.S.C. §§ 631-39, in 1968.

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the that extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

In<u>One Parcel</u>, in accord with other Courts of Appeals, the Tenth Circuit expanded the

waiver rule to cover objections that are timely but too general.  <u>See One Parcel</u>, 73 F.3d at 1060.

The Supreme Court of the United States of America -- in the course of approving the United States

Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of
> a magistrate's factual or legal conclusions, under a de novo or any other standard,
> when neither party objects to those findings.  The House and Senate Reports
> accompanying the 1976 amendments do not expressly consider what sort of review
> the district court should perform when no party objects to the magistrate's report.
> <u>See</u> S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No.
> 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter
> House Report).  There is nothing in those Reports, however, that demonstrates an
> intent to require the district court to give any more consideration to the magistrate's
> report than the court considers appropriate.  Moreover, the Subcommittee that
> drafted and held hearings on the 1976 amendments had before it the guidelines of
> the Administrative Office of the United States Courts concerning the efficient use
> of magistrates.  Those guidelines recommended to the district courts that "[w]here
> a magistrate makes a finding or ruling on a motion or an issue, his determination
> should become that of the district court, unless specific objection is filed within a
> reasonable time."  <u>See</u> Jurisdiction of United States Magistrates, Hearings on S.
> 1283 before the Subcommittee on Improvements in Judicial Machinery of the
> Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis
> added)(hereinafter Senate Hearings).  The Committee also heard Judge [Charles]
> Metzner of the Southern District of New York, the chairman of a Judicial
> Conference Committee on the administration of the magistrate system, testify that
> he personally followed that practice.  <u>See</u> id., at 11 ("If any objections come in, . . .
> I review [the record] and decide it. If no objections come in, I merely sign the
> magistrate's order.").  The Judicial Conference of the United States, which
> supported the de novo standard of review eventually incorporated in
> § 636(b)(1)(C), opined that in most instances no party would object to the
> magistrate's recommendation, and the litigation would terminate with the judge's
> adoption of the magistrate's report.  <u>See</u> Senate Hearings, at 35, 37.  Congress
> apparently assumed, therefore, that any party who was dissatisfied for any reason
> with the magistrate's report would file objections, and those objections would
> trigger district court review.  There is no indication that Congress, in enacting
> § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report
> to which no objections are filed.  It did not preclude treating the failure to object as

---

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that
<u>Pevehouse v. Scibana</u> has persuasive value with respect to a material issue, and will assist the
Court in its disposition of this Memorandum Opinion and Order.

a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659. The Tenth Circuit joins "those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." Moore v. United States, 950 F.2d at 659. Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard."). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." Griego v. Padilla (In re Griego), 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court has noted that,

although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations.  See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676 (emphasis omitted)).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations.  In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. December 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3.  The Court generally does not, however, review the Magistrate Judge's PFRD de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD

disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3.  This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review.   Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").   The Court, however, is reluctant to

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law.  Solomon v. Holder, No. CIV  12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. January 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. January 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. January 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").  The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations.  Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

The Court has reviewed carefully the PFRD, the record, and the briefing on the five motions that the PFRD addresses. As noted, Magistrate Judge Fouratt, in the PFRD, "construes Plaintiff's 'Motion to Amend and Restate for Remand'" as "a motion pursuant to Federal Rule of Civil Procedure 41(a)(2) to dismiss all of her federal claims with prejudice," and Dougherty has not objected to this interpretation of her request, despite having been notified specifically out of an abundance of caution that she is free to object to or clarify such a reading of her request. PFRD at 7. Consequently, "[i]n the absence of Plaintiff objecting to this Court's interpretation of her request for dismissal of her federal claims," the Magistrate Judge Fouratt recommends dismissing with prejudice all of Dougherty's federal claims, declining to exercise supplemental jurisdiction over, and remanding, her state law claims, denying the requests for fees and costs, denying the remaining motions as moot, and dismissing this case with prejudice. PFRD at 9. The Court has not reviewed the PFRD de novo, because the parties have not objected to it, but rather reviewed the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court will adopt the PFRD.

**IT IS ORDERED** that: (i) the Proposed Findings and Recommended Disposition, filed July 20, 2022 (Doc. 38), is adopted; (ii) the Plaintiff's Motion to Amend and Restate for Remand at 2, filed February 25, 2022 (Doc. 23), is granted in that (a) all of the Plaintiff's federal claims are dismissed with prejudice, and (b) the Plaintiff's remaining state law claims are remanded to the Seventh Judicial District Court, County of Sierra, State of New Mexico; (iii) the Defendant's

request for fees and costs in the Defendant's Response to Plaintiff's Motion to Amend and Restate for Remand at 2-3, filed March 11, 2022 (Doc. 25), are denied; (iv) Plaintiff's Motion for Hourly Fees and Costs, filed March 27, 2022 (Doc. 26), is denied; (v) the Defendant's Motion to Dismiss Plaintiff's Petition for Writ of Certiorari Pursuant to NMRA Rule 1-075 and Complaint for Declaratory Relief and for Violation of Civil Rights under 42 USC § 1983, filed November 17, 2021 (Doc. 5), is denied as moot; (vi) the Plaintiff's Motion for Remand, filed November 30, 2021 (Doc. 11), is denied as moot; (vii) the Motion to Extend Time to File Response to Defendant's Motion to Dismiss Plaintiff's Writ of Certiorari, filed December 7, 2021 (Doc. 14), is denied as moot; and (viii) Final Judgment will be entered.

UNITED STATES DISTRICT JUDGE

*Parties and counsel*:

Ariel Dougherty
Truth or Consequences, New Mexico

    *Plaintiff pro se*

Bradley Springer
Alan Dahl
Mynatt Martinez Springer P.C.
Las Cruces, New Mexico

    *Attorneys for the Defendant*